UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA DAVID LAMBERT,

          Plaintiff,

   v.

MARY KAYE WELLER, et al.,

          Defendant.

Case No. C20-1558-JLR-MAT

REPORT AND RECOMMENDATION

Plaintiff, Joshua David Lambert, proceeds pro se and *in forma pauperis* (IFP), in this 42 U.S.C. § 1983 civil rights action. Dkt. 5. Plaintiff is a prisoner currently housed at Washington State Penitentiary ("WSP"). In his original complaint, plaintiff names Island County and Mary Weller as defendants and alleges violation of his constitutional rights and state laws based on alleged improper processing of his public records requests and failure to provide him with certain records requested under the Washington Public Records Act ("PRA"). Dkt. 5. The Court issued an Order to Show Cause based on plaintiff's assertion of what appeared to be substantially similar claims in a separate action, *Lambert v. McKay, et al..*, No. C19-1829-BJR. Dkt. 6. Plaintiff filed a response to the Order to Show Cause (Dkt. 7) and moved to voluntarily dismiss his first two claims (Dkt. 8). Plaintiff subsequently moved to file an amended complaint (Dkt. 9). Plaintiff's proposed

REPORT AND RECOMMENDATION - 1

1  amended complaint names one additional defendant, "Chief Lorene Norris", and contains two
2  additional claims alleging violation of his constitutional rights and state law related, again, to
3  alleged improper processing of his public records requests and failure to provide him with certain
4  records requested under the PRA. Dkt. 9-1.

5      The Court screens complaints filed by prisoners under 28 U.S.C. § 1915A(a). The Court
6  shall "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or
7  fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a
8  defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v.*
9  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Having reviewed the original complaint, the
10 motion to voluntarily dismiss Claims 1 and 2, plaintiff's motion to amend the complaint, and the
11 amended complaint, the Court recommends that: (1) plaintiff's motion to amend the complaint
12 (Dkt. 9) should be GRANTED; (2) plaintiff's motion to voluntarily dismiss counts 1 and 2 (Dkt.
13 8) as set forth in the original and amended complaint should be GRANTED; (3) the remaining
14 federal claims (Claims 3 and 6) in plaintiff's amended complaint (Dkt. 9-1) should be DISMISSED
15 without prejudice pursuant to 28 U.S.C. §§1915A(a) and 1915(e)(2), for failure to state a claim
16 upon which relief may be granted; and, (4) the Court should decline to exercise jurisdiction over
17 plaintiff's remaining state law claims and should also DISMISS those claims (Claims 4, 5, 7) in
18 plaintiff's amended complaint (Dkt. 9-1) without prejudice.

19                       I.     BACKGROUND

20     In his original complaint, plaintiff alleges defendant Mary Kaye Weller, an employee with
21 the Island County Sheriff's Office, violated his equal protection rights when she failed to provide
22 an exemption log upon withholding phone log entries from a PRA request made by plaintiff, and
23 when she failed to notify plaintiff records had been withheld. Dkt. 5, at 5 (Claim 1). Plaintiff further

REPORT AND RECOMMENDATION - 2

alleges defendant Weller violated his equal protection rights when she failed to provide a claim of exemption for inmate grievance documents requested by plaintiff under the PRA, and when she failed to provide all the requested documents. *Id.*, at 12 (Claim 3). In addition to his two federal constitutional claims, plaintiff also asserts three claims against defendant Island County arising out of alleged violations of the Washington PRA relating to plaintiff's requests for grievance and telephone records. *Id.*, at 8-11, 15-18 (Claims 2, 4, 5).

On December 11, 2021, the Court issued an Order to Show Cause stating:

> Plaintiff indicates in the instant complaint that the public records requests at issue here relate to documents he sought to use as evidence in another lawsuit currently pending in this Court, *Lambert v. McKay, et al.*, C19-1829-BJR. A review of the complaint filed in case C19-1829-BJR reveals that plaintiff asserted therein claims which are substantially similar to those asserted in this action. In particular, plaintiff asserted equal protection claims against defendant Weller relating to the grievance and phone records apparently at issue in this case, as well as associated PRA claims. *See* C19-1829-BJR, Dkt. 6 at 54-57, 64-66, 69-72. A Report and Recommendation is currently pending in that action recommending dismissal of all claims asserted therein, including the claims asserted against defendant Weller. *See id.*, Dkt. 53. Plaintiff does not explain why he is presenting his equal protection and PRA claims to this Court for a second time, and the Court can conceive of no justifiable reason for allowing plaintiff to pursue in this action essentially the same claims as are currently awaiting disposition by another judge of this Court. Accordingly, the Court hereby ORDERS as follows:
>
> (1) Plaintiff shall show cause not later than January 15, 2021 why the instant complaint and action should not be dismissed as duplicative, in relevant part, of the action proceeding under cause number C19-1829-BJR.

Dkt. 6, at 2.

Plaintiff filed a response to the Court's Order to Show Cause acknowledging that Claims 1 and 2 were duplicative of his claims in *Lambert v. McKay, et al.*, No. C19-1829-BJR. Dkt. 7. However, he argued that claims 3-5 were not duplicative because they related to a separate occasion when defendant Weller failed to provide a claim of exemption for inmate grievance documents requested by plaintiff under the PRA, and when she failed to provide all the requested documents. *Id.* On January 16, 2021, plaintiff filed a motion to voluntarily dismiss Claims 1 and 2 of his original complaint. Dkt. 8. On January 28, 2021, plaintiff filed a motion to amend his

REPORT AND RECOMMENDATION - 3

complaint. Dkt. 9. Plaintiff's proposed amended complaint includes all of his original claims as well as two new claims (6 and 7) although plaintiff makes clear in his motion to amend that he still intends to voluntarily dismiss Claims 1 and 2. Dkt. 9-1.

In Claim 6 of his amended complaint, plaintiff again alleges defendant Weller and a new defendant, Chief Lorene Norris, also an employee of Island County, violated his equal protection rights when he requested records under the PRA (specifically appeal procedures for public records requests in Island County) but the records were not provided and were instead "silently withheld." *Id.* In Claim 7, plaintiff alleges defendant Island County violated the PRA in failing to provide the appeal procedures for public records requests and instead "silently withholding" the records. *Id.*

## II.     DISCUSSION

A.     <u>Motions to Voluntarily Dismiss and to Amend Complaint</u>

At this stage of the proceeding plaintiff may still amend his complaint as a matter of right without the permission or order of the Court. *See* Fed. R. Civ. P. 15(a)(1).[1] Accordingly, plaintiff's motion to amend his complaint (Dkt. 9) should be GRANTED. Plaintiff may also voluntarily dismiss his claims at this stage without the permission or order of the Court. *See Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. […] The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice."). Accordingly, plaintiff's motion to voluntarily dismiss Claims 1 and 2, as set forth in his original and amended complaint, (Dkt. 8) should also be GRANTED and those claims should be DISMISSED without prejudice.

---

[1] "Amendment as a Matter of Course. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is on to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier."

REPORT AND RECOMMENDATION - 4

B.    Equal Protection Claims

In Claim 3 of his amended complaint, plaintiff alleges defendant Weller violated his right to equal protection guaranteed by the Fourteenth Amendment by failing to provide a claim of exemption for inmate grievance documents requested by plaintiff under the PRA, and failing to provide all the requested documents. Dkt. 9-1. In Claim 6 of the amended complaint, plaintiff alleges defendant Weller and newly named defendant Norris violated his right to equal protection on the grounds that they failed to follow proper procedure under state law and failed to provide the appeal procedures for public records requests in Island County, which plaintiff had requested through the PRA. *Id.* Plaintiff's remaining claims (4, 5, and 7) against defendant Island County arise out of alleged violations of the PRA relating to plaintiff's requests for grievance records and for the records of appeal procedures for public records requests in Island County. *Id.*, at 3-5, 17-23 (Claims 4, 5, 7).

To succeed on a section 1983 claim for equal protection, a plaintiff must show that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Absent proof of membership in a protected class, a plaintiff can succeed by showing that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). This "class of one" equal protection theory does not apply in cases which "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603 (2008).

In this case, plaintiff does not allege he was treated differently due to his membership in a protected class but, rather, relies upon the "class of one" theory of equal protection. But the entire

REPORT AND RECOMMENDATION - 5

basis for plaintiff's equal protection claims appears to be that defendants violated the state laws governing public records requests. The Court notes that it has recommended the dismissal of substantially similar equal protection claims against defendant Weller raised in plaintiff's other § 1983 action, *Lambert v. McKay, et al.*, No. C19-1829-BJR. *Lambert v. McKay, et al.*, No. C19-1829-BJR, Dkt. 53. Specifically, in the Report and Recommendation issued in that case on November 9, 2020[2], the undersigned found:

> Plaintiff further asserts that the withholding of these [requested] documents violated his right to equal protection. (*Id.* at 54-57, 64-66.) These counts implicate the conduct of Mary Kaye Weller, the civil records clerk at the Island County Sheriff's Office.
> While plaintiff couches these four counts of his complaint as claims implicating federal constitutional concerns, the facts alleged appear to relate only to the manner in which Ms. Weller responded to public records requests made by plaintiff under state law. Assuming these claims have merit, which is difficult to discern from the vague manner in which they are asserted in plaintiff's complaint, they appear to, at most, implicate issues of state law. As plaintiff fails to allege facts demonstrating any violation of his federal constitutional rights in relation to his requests for documents, these claims should be dismissed.

*Id.* Likewise, here, the Court finds that the equal protection claims plaintiff raises in this action appear to implicate only state law concerns. *See Jack v. Cty. of Stanislaus*, No. 1:17-CV-0520 AWI SAB, 2017 WL 4123930, at *12 (E.D. Cal. Sept. 15, 2017) (The "failure to provide public records pursuant to State law does not in and of itself implicate federal constitutional rights or protections."); *see Galen v. Cty of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) (§ 1983 does not provide a cause of action for violations of state law alone); *Houchins v. KQED, Inc.*, 438 U.S. 1, 15, 98 S. Ct. 2588, 2597, 57 L.Ed. 2d 553 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."); *Fabricius v. Tulare Cty.*, No. 1:15-CV-01779-EPG, 2017 WL 2633421, at *6 (E.D. Cal. June 19, 2017) ("[A]n alleged wrongful denial of [a

---

[2] The Report and Recommendation is still pending before the Hon. Barbara J. Rothstein.

REPORT AND RECOMMENDATION - 6

public records request pursuant to the California Public Records Act] would not equate to a violation of [plaintiff's] Constitutional rights.".).

Even assuming the class of one theory of equal protection could be applied to public records decisions by County employees, plaintiff fails to allege how he was treated differently from other people making public records requests. The bare assertion that defendants violated plaintiff's equal protection rights because they failed to comply with state law or the conclusory assertion that they must fulfill the records requests of unidentified "others" because state law requires them to do so (and therefore they have treated plaintiff differently in not doing so), is insufficient to state an equal protection claim. *See, e.g., Hanson v. City of Spokane*, No. 2:19-CV-31-RMP, 2019 WL 544956, at *4 (E.D. Wash. Feb. 11, 2019), *reconsideration denied*, No. 2:19-CV-31-RMP, 2019 WL 1779576 (E.D. Wash. Apr. 23, 2019) (Dismissing a similar complaint at screening pursuant to 28 U.S.C. § 1915(e) and finding that "even if the class of one theory applied to public records decisions by municipalities, [plaintiff] fails to allege how he was treated differently from other people making public records requests. The bare assertion that Defendants violated [plaintiff's] equal protection rights because they fulfill the records requests of others cannot alone create a legally sufficient equal protection claim."). Accordingly, the Court finds that plaintiff has failed to state a legally sufficient equal protection claim and recommends that his federal equal protection claims (Claims 3 and 6) alleged in his amended complaint (Dkt. 9-1) be DISMISSED without prejudice.

C.      Pendent State Law Claims

With respect to plaintiff's remaining state law claims (claims 4, 5, and 7) against defendant Island County, the Supreme Court has stated that federal courts should refrain from exercising their pendent jurisdiction when the federal claims are dismissed before trial. *United Mine Workers*

REPORT AND RECOMMENDATION - 7

*v. Gibbs*, 383 U.S. 715, 726 (1966). Because plaintiff's federal constitutional claims are subject to dismissal based upon plaintiff's failure to state any viable claims for relief under § 1983, this Court should decline to exercise jurisdiction over plaintiff's state law claims and should also DISMISS those claims without prejudice.

D.  Further Amendment

Where a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff was informed in the Court's Order to Show Cause that his claims appeared to be duplicative of his claims in another action in which a Report and Recommendation recommending dismissal of those claims as deficient was pending. The Court's Order to Show Cause and the Report and Recommendation in plaintiff's other pending action together apprised plaintiff of the deficiencies in his equal protection claims. Although plaintiff subsequently filed an amended complaint in this case, his claims remain deficient for the reasons described above. It therefore appears to the Court that plaintiff's claims are not capable of amendment and the Court concludes that plaintiff should not be granted leave to file another amended complaint.

III.  CONCLUSION

The Court recommends that: (1) plaintiff's motion to amend his complaint (Dkt. 9) should be GRANTED; (2) plaintiff's motion to voluntarily dismiss Claims 1 and 2, as set forth in his original and amended complaint, (Dkt. 8) should be GRANTED and those claims should be DISMISSED without prejudice; (3) the remaining federal claims (Claims 3 and 6) in plaintiff's amended complaint (Dkt. 9-1) should be DISMISSED without prejudice pursuant to 28 U.S.C.

§§1915A(a) and 1915(e)(2), for failure to state a claim upon which relief may be granted; and (4) the Court should decline to exercise jurisdiction over plaintiff's remaining state law claims and should also DISMISS those claims (Claims 4, 5, 7) in plaintiff's amended complaint (Dkt. 9-1) without prejudice. The Court further recommends that plaintiff not be granted leave to file another amended complaint. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 9, 2021**.

Dated this 16th day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9